1  Joseph L. Oliva, State Bar No. 113889
   joliva@olivalaw.com
2  Alex Zarcone, State Bar No. 190612
   azarcone@olivalaw.com
3  OLIVA & ASSOCIATES, ALC
   11770 Bernardo Plaza Court, Suite 350
4  San Diego, California 92128
   Telephone:  (858) 385-0491
5  Facsimile:  (858) 385-0499

6  Attorneys for Defendant/Cross-Claimant,
   SUTTER MITLAND 01 LLC
7

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10  TRAVELERS CASUALTY AND          CASE NO. CV 09-03602 VAP (OPx)
    SURETY COMPANY OF AMERICA, a
11  Connecticut Corporation,        ICJ:  Hon. Virginia A. Phillips
                                    Ctrm.:  2
12          Plaintiff,

13  v.                              STIPULATION FOR and order
                                    PROTECTIVE ORDER
14  AUDIE MURPHY RANCH LLC, a
    Delaware limited liability company;   Complaint filed:  May 20, 2009
15  BROOKFIELD LAND COMPANY
    LLC, a Delaware limited liability
16  company; and SUTTER MITLAND 01
    LLC, a Delaware limited liability
17  company,                        NOTE CHANGES MADE BY THE COURT.

18          Defendants.

19
    SUTTER MITLAND 01 LLC, a Delaware
20  limited liability company,

21          Cross-claimant,

22  v.

23  VERIZON CALIFORNIA INC., a
    California corporation,
24
            Cross-Defendant.
25

26

27

28

1      Subject to the approval of this Court, the parties hereby stipulate to the following

2 protective order:

3 **THE PARTIES TO THIS STIPULATION AND AGREEMENT**

4 **ARE AS FOLLOWS:**

5    <u>Plaintiff</u>:

6      Plaintiff TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

7 (hereinafter referred to as "TRAVELERS") by and through their attorneys of record Robert

8 C. Niesley and Jeffrey Robbins of Watt, Tieder, Hoffar & Fitzgerald, L.L.P.,

9    <u>Defendants</u>:

10      Defendant SUTTER MITLAND 01, LLC (hereinafter referred to as "SUTTER

11 MITLAND") by and through their attorneys of record, Joseph Oliva and Alex Zarcone of

12 Oliva & Associates, ALC.

13      AUDIE MURPHY RANCH LLC (hereinafter referred to as "AUDIE MURPHY") by

14 and through their attorneys of record, Bruce R. Corbett, Esq. and Laura Mascheroni, Esq. of

15 Corbett Steelman and Specter.

16      BROOKFIELD LAND COMPANY, LLC (hereinafter referred to as

17 "BROOKFIELD") by and through their attorneys of record Bruce R. Corbett, Esq. and Laura

18 Mascheroni, Esq. of Corbett Steelman and Specter.

19    **1.0**   <u>**DEFINITIONS AND BACKGROUND INFORMATION**</u>:

20       1.1  <u>As used in this order, the word</u>:

21         1.1.1  "Party" or "Parties" shall include TRAVELERS, SUTTER

22            MITLAND, AUDIE MURPHY and BROOKFIELD, and each of their

23            employees, agents, representatives and attorneys (including both outside

24            counsel and inside counsel).

25         1.1.2  "Person(s)" shall include any "Party" or non-party to this action,

26            whether an individual, corporation, partnership, company,

27            unincorporated association, governmental agency, or other business or

28            governmental entity.

1

1.1.3    "Confidential Material" for purposes of this Stipulation includes information which has not been made available to the public and which information concerns or relates to processes, operations and type of work of the Producing Parties including confidential and private financial information including information pertaining to the purchases, amount and source of income, profits, losses, expenditures and other financial information of the Producing Party's, the disclosure of which information may have the effect of causing harm to the competitive position of the Producing Party from which the information was obtained.

1.1.3.1    By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure Section 26(g).

1.1.3.2    All material deemed confidential shall be bates stamped and marked as confidential with a water stamp or, with respect to deposition testimony or responses to interrogatories, noted by counsel that the information is deemed protected pursuant to the Stipulation for Protective Order.  By agreement between the Parties (confirmed in writing) additional documents may be designated as Confidential Material subject to the terms of this Stipulation and Order.  For purposes of this Stipulation Confidential Material also includes the information contained within and documents stamped and marked confidential, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential.  Such

2

Confidential Material shall be used only for the purpose of the prosecution, defense or settlement of this action and for no other purpose.

1.1.4 "Discovering Party" shall mean the Party who has requested the production of documents designated as Confidential Material under this Stipulation and Order.

1.1.5 "Producing Party" shall mean the Party who has produced documents designated as Confidential Material under this Stipulation and Order.

1.1.6 "Instant Action" shall mean the case entitled <u>Travelers v. Audie Murphy, et al.</u>, United States District Court, Central District of California, Case No. CV 09-03602 GW (SSx).

1.2   <u>Travelers' Discovery Demands</u>:

Travelers has requested the production of certain documents by SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD in connection with their Request for Production of Documents, Sets One.

1.3   <u>Confidential, Private and Proprietary Financial information, Trade Secrets</u>:

SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD contend that some or all of the documents requested by TRAVELERS represents and/or reflects confidential financial and trade secret information of a proprietary and private nature.

1.4   <u>Good Faith Discovery Cooperation</u>:

It is the purpose of this Stipulation and agreement and the desire of SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD to make the broadest range of reasonably relevant documents available to TRAVELERS, which are not privileged or otherwise protected, without subjecting the parties and the court to numerous discovery motions.

3

STIPULATION FOR PROTECTIVE ORDER
CASE NO. CV 09-03602 VAP

**2.0     SCOPE OF STIPULATION AND PROTECTIVE ORDER:**

2.1     Purpose of This Agreement:

It is the purpose of this Agreement and Stipulation that SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD will be provided with reasonable assurance that:

      2.1.1   The confidential documents produced by SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD will be used in this case and this case only;

      2.1.2   The confidential documents produced by SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense or settlement of this action and for no other purpose and will not be used for commercial purposes; and

      2.1.3   The confidential documents produced by SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD will not be used for non-litigation purposes.

2.2     Agreement Not To Disseminate:

Consistent with the purpose of this Agreement and Stipulation described above, the PARTIES and their counsel hereby agree not to divulge, permit access to, or disseminate any documents, as set forth above in Section 2.1, produced by SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD during this litigation to any individuals or entities other than as set forth in Section 5.2 *et seq.*

      2.2.1   The Parties to this Stipulation agree that before any information produced under this Stipulated Order can be shared with any other party who may be brought into this action, including but not limited to

4

1    VERIZON CALIFORNIA, INC., such party must first stipulate to be

2    bound by the terms of this Protective Order.

3    2.3    Disputes Over Classification of Confidentiality Shall Be Resolved By

4    The Court:

5    Should Plaintiffs dispute SUTTER MITLAND, AUDIE MURPHY and/or

6    BROOKFIELD's decision to classify any document or other material in the

7    Instant Action as Confidential Plaintiff agrees to attempt to meet and confer to

8    resolve the dispute.  Should the disputing Parties not be able to reach an

9    agreement those Parties agree to submit the issue to the Court who will

10   determine whether the documents or other materials at issue should be marked

11   as confidential.  SUTTER MITLAND, AUDIE MURPHY and/or

12   BROOKFIELD retain the right to appeal any decision by the trial court that

13   documents produced by SUTTER MITLAND, AUDIE MURPHY and/or

14   BROOKFIELD are not entitled to be classified as Confidential pursuant to the

15   Protective Order.

16   **3.0    DOCUMENTS TO BE PRODUCED BY SUTTER MITLAND, AUDIE**

17   **MURPHY and BROOKFIELD:**

18   3.1    Documents Located:

19   Consistent with the purpose of this Stipulation and agreement described above,

20   SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD have each

21   located certain documents, which are potentially responsive to TRAVELERS

22   Request for Production of Documents, Sets One.  These documents consist of

23   confidential and private financial information and information that has value as

24   trade secret information of SUTTER MITLAND, AUDIE MURPHY and

25   BROOKFIELD respectively and are hereinafter referred to as "the

26   Confidential Material." The production of this material without the protections

27   of this Protective Order would cause the Producing Party undue

28   embarrassment, harm and prejudice.

5

3.2     Production of Documents:

SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD shall each produce their Confidential Materials upon receipt of the signed stipulation for protective order by all PARTIES.

**4.0     PROCEDURE FOR PRODUCTION OF DOCUMENTS:**

The Confidential Material shall be produced by SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD as follows:

4.1     Temporary Custody of Documents:

The Confidential Material shall be produced by SUTTER MITLAND, AUDIE MURPHY and BROOKFIELD by granting temporary possession to the PARTIES by and through their Counsel.

4.2     Procedure Re Granting Custody of Documents:

4.3     Prior to granting temporary custody of the Confidential Material to the PARTIES through their Counsel, as described in paragraph 4.1, above:

4.3.1   This Stipulation shall either then be, or have previously been, executed by counsel for the parties, and

4.3.2   Counsel for the parties shall agree to have this Stipulation made the subject of a Court order.

**5.0     VIEWING OF DOCUMENTS BY THIRD PARTIES:**

5.1     Possession of Documents by Third Parties:

Counsel for the PARTIES, who shall serve as the custodians of the Confidential Material shall not grant possession of the documents to any other person or entity except as expressly authorized by the terms of this Stipulation in Section 5.2 *et seq.*

5.2     Viewing of Documents by Third Parties is Permissible:

Subject to the terms and conditions of this Stipulation, Counsel for the PARTIES may permit other persons or entities to possess and to view the Confidential Material but they may not retain custody or copy said documents.

6

The following persons only, may be permitted to possess and view the Confidential Material:

5.2.1   The PARTIES counsel of record and such counsel's partners, associates, paralegals and secretarial and clerical employees and independent contractors who are actively assisting in the preparation, trial, or appeal of this action.

5.2.2   The PARTIES may receive a copy of the Confidential Material but they may not copy said documents or retain custody of said documents after the conclusion of the litigation. The PARTIES copy of the Confidential Material will be returned to counsel for the Producing Party's at the conclusion of the litigation.

5.2.3   Deposition witnesses may view the documents at the time of deposition, and in preparation therefore.

5.2.4   Trial witnesses may view the documents at the time of trial, and in preparation therefore.

5.2.5   Court officials or employees involved in this litigation, including but not limited to court reporters, persons monitoring video equipment at depositions and any special master or discovery referee appointed by the Court.

5.2.6   Experts or consultants (other than attorneys) retained or specially employed by any counsel or paralegal described in 5.2.1 above concerning the preparation, trial or appeal of this action and their secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this action.

5.2.7   If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential- - Subject to Court Order", and filed under seal until further order of this Court. _Any request for under seal filing shall be made in compliance with Local Rule 79-5._

5.2.8   In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

5.3   Procedure Re Viewing:

Before the discovering party may disclose the Confidential Material to any person other than those described in subparagraphs 5.2.1, 5.2.5 or 5.2.6 above, counsel for the Discovering Party must first submit to counsel for the Producing Party the name of the person to whom he or she seeks to disclose the Confidential Material.   The Discovering Party must then wait three (3) business days before disclosing the Confidential Material to that person, during which time the Producing Party may object (in writing, via personal delivery or facsimile) to the disclosure of the Confidential Material to that person. If, after three business days, the Producing party fails to object, the Discovering Party may disclose the Confidential Material to that person.   If, however, the Producing Party does object to the disclosure and the parties are unable to reach agreement, the Producing Party shall have ten (10) days from the date the objection was served in which to file and personally serve a motion with the court objecting to the disclosure.   The Discovering Party must not disclose the Confidential Material to that person until after (a) the producing party notifies the discovering party that he or she will not be filing a motion; (b) ten (10) days pass and the Producing Party fails to file a motion; or (c) the court orders that the Producing Party may disclose the Confidential Material.   Additionally, Counsel for the PARTIES, shall each take all reasonable measures which are necessary to ensure that the following procedures are used each and every time the documents are viewed by a person described in paragraphs 5.2.2, 5.2.3, 5.2.4 and 5.2.6.   These individuals shall not be permitted to view the documents, until they have read this Stipulation and have signed the attached

8

form indicating their agreement to be bound by the terms of the protected order.

5.4     Records to be Maintained by Counsel for the PARTIES:

5.4.1   Counsel for TRAVELERS, shall maintain an accurate and complete record of all persons described in paragraph 5.2, above, with the exception of hired consultants, who have been permitted to view the Confidential Material maintained by counsel for TRAVELERS, and shall make those agreements available for inspection and copying by the Producing Parties upon reasonable written notice.

5.4.2   The above records shall be returned to counsel for the Producing Party within ten (10) days following the final conclusion of this litigation, including all appeals.

**6.0     NO WAIVER BY INADVERTENT PRODUCTION:**

If any Confidential Material is inadvertently provided to a Discovering Party without being marked as confidential in accordance with this order, the failure to so mark the material shall not be deemed a waiver of its confidentiality.  Until the material is designated as confidential by the Producing Party however, the Discovering Party shall be entitled to treat the material as non-confidential.  When the material is designated as confidential, the Discovering Party shall take prompt steps to assure that the material is marked as confidential or returned to the Producing Party for confidential designation pursuant to this Order. The Producing Party shall bear the costs of designating and marking the confidential documents as such.

**7.0     RETURN OF DOCUMENTS AT END OF LITIGATION:**

Within ten (10) days after the final settlement or termination of action, it is the obligation of the Discovering Party to return or destroy all Confidential Material provided by the Propounding Party.  The Discovering Party shall return or destroy, as requested, all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any

9

Confidential Material, except that the Discovering Party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by data processing equipment and (b) work product memoranda or pleadings embodying Confidential Material, subject to State Bar rules.

**8.0   PHOTOCOPYING PROHIBITED:**

The Confidential Material shall not be photographed, photocopied or reproduced in any manner without the prior written permission of the Producing Party or its counsel, except in preparation of this matter.

**9.0   NON-DISCLOSURE:**

TRAVELERS and their counsel shall not disclose any portion of the Confidential Material to any person not authorized hereunder, unless ordered by court.

**10.0   ALL DOCUMENTS REVEALED TO THE COURT SHALL BE LODGED PURSUANT TO LOCAL RULE 79-5 ET. SEQ.:**

A party that files or intends to file with the court, for the purposes of adjudication or to use at trial, records produced in discovery that are subject to this protective order must:

10.1   Lodge the un-redacted records subject to the protective order and any pleadings, memorandums, declarations, and other documents that disclose the contents of the records, in the manner stated in Local Rule 79-5 *et. seq.*

10.2   File copies of the documents that are redacted so that they do not disclose the contents of the records that are subject to the protective order.

10.3   Give written notice to the party that produced the records that the records and the other documents lodged will be placed in the public court file unless that party files a timely motion or application to seal the records under this rule.

10.4   If the party that produced the documents and was served with the notice fails to file a motion or an application to seal the records within 10 days or to

10

obtain a court order extending the time to file such a motion or an application, the clerk of the court may remove all the documents from the envelope where they are located and place them in the public file.

10.5   If the party files a motion or an application to seal within 10 days or such later time as the court has ordered, these documents are to remain conditionally under seal until the court rules on the motion or application and thereafter are to be filed as ordered by the court.

**11.0   NON-WAIVER:**

This Stipulation is not, and shall not be interpreted as, a waiver by SUTTER MITLAND, AUDIE MURPHY or BROOKFIELD of any right to claim in this lawsuit or otherwise, that the documents or any documents described therein are privileged or otherwise undiscoverable.

**12.0   RECONSIDERATION:**

This Stipulation is without prejudice to reconsideration by the Court as discovery continues into the nature of the documents, with all such reconsideration motions subject to the protective procedures described herein.

**13.0   VIOLATION OF ORDER:**

Upon an alleged violation of this Stipulation, the Court on its own motion or on the motion of any party may grant relief as it deems appropriate in law or equity. Should any provision of this Stipulation be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

STIPULATION FOR PROTECTIVE ORDER
CASE NO. CV 09-03602 VAP

1   I have read the above and agree to abide by the terms set forth therein on behalf of

2   myself, my firm and my client.

3   Signed under penalty of perjury under the laws of the United States of America.

4   **IT IS SO STIPULATED:**

5

6   Dated:  February 12, 2010           OLIVA & ASSOCIATES, ALC

7

8   By: /s/ Alex P. Zarcone
    Joseph L. Oliva
9   Alex P. Zarcone
    Attorneys for Defendant/Cross-Claimant,
10  SUTTER MITLAND 01 LLC

11  Dated:  February 12, 2010           WATT TIEDER HOFFAR & FITZGERALD, LLP

12

13  By: /s/ Jeffery T. Robbins
    Robert C. Neisley, Esq.
14  Jeffrey T. Robbins, Esq.
    Attorneys for Plaintiff,
15  TRAVELERS CASUALTY AND SURETY
    COMPANY OF AMERICA
16

17  Dated: February 12, 2010           CORBETT STEELMAN & SPECTER

18

19  By:   /s/ Laura Mascheroni
    Bruce R. Corbett, Esq.
20  Laura Mascheroni, Esq.
    Attorneys for Defendants,
21  AUDIE MURPHY RANCH LLC and
    BROOKFIELD LAND COMPANY LLC

22

23

24

25

26

27

28

12

# CERTIFICATE OF SERVICE

_Travelers Casualty and Surety Company of America v. Audie Murphy Ranch LLC, et al._
U.S.D.C.Central District Case No. CV 09-03602 VAP (OPx)

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11770 Bernardo Plaza Court, Suite 350, San Diego, California, 92128.

On February 12, 2010, I caused the following document(s) described as:

# STIPULATION FOR PROTECTIVE ORDER

to be served on the interested parties in this action as follows:

| | |
|---|---|
| Robert C. Neisley, Esq.<br>rneisley@wthf.com<br>Jeffrey T. Robbins, Esq.<br>jrobbins@wthf.com<br>**Watt Tieder Hoffar & Fitzgerald, LLP**<br>2040 Main Street, Suite 300<br>Irvine, California  92614<br>T: (949) 852-6700<br>F: (949) 261-0771 | Attorneys for Plaintiff,<br>TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA |
| Bruce R. Corbett, Esq.<br>bcorbett@corbsteel.com<br>Laura Mascheroni, Esq.<br>lmascheroni@corbsteel.com<br>**Corbett Steelman & Specter**<br>18200 Von Karman Avenue, Suite 900<br>Irvine, California  92612-1023<br>T: (949) 553-9266<br>F: (949) 553-8454 | Attorneys for Defendants,<br>AUDIE MURPHY RANCH LLC and<br>BROOKFIELD LAND COMPANY LLC |
| Mark F. Sullivan, Esq.<br>Donn S. Taketa, Esq.<br>Lamdien T. Le, Esq.<br>**SULLIVAN TAKETA LLP**<br>31351 Via Colinas, Suite 205<br>Westlake Village, CA 91362-3755<br>T: (818) 889-2299<br>F: (818) 889-4497<br>Donn.taketa@calawcounsel.com<br>Dienj.le@calawcounsel.com | Attorneys for Cross-Defendants<br>VERIZON CALIFORNIA, INC. |

☒      BY CM/ECF:  I caused such document(s) to be served electronically pursuant to the U.S. District Court's Electronic Case Filing Program to be delivered electronically  to  those parties who have registered to become an E-Filer.

1

1    ☐       BY U.S. MAIL:  I caused such envelope to be deposited in the mail at San Diego,
2    California.   The envelope was mailed with postage thereon fully prepaid.  I am readily
     familiar with this firm's practice of collection and processing of correspondence for mailing.
3    Under that practice it would be deposited with the U.S. Postal Service on that same day with
     postage thereon fully prepaid at San Diego, California in the ordinary course of business.  I
4    am aware that on motion of the party served, service is presumed invalid if postal
     cancellation date or postage meter date is more than one day after date of deposit for mailing
5    in affidavit.

6          I declare under penalty of perjury under the laws of the United States of America that
     the foregoing is true and correct and that I am employed in the office of a member of the bar
7    of this Court at whose direction the service was made.

8          Executed on February 12, 2010, at San Diego, California.

9

10

11   Kris O'Connor

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation, | CASE NO. CV 09-03602 VAP (OPx) |
| 11 | ICJ: Hon. Virginia A. Phillips Ctrm.: ~~2~~ |
| 12 Plaintiff, | |
| 13 v. | [PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER |
| 14 AUDIE MURPHY RANCH LLC, a Delaware limited liability company; BROOKFIELD LAND COMPANY LLC, a Delaware limited liability company; and SUTTER MITLAND 01 LLC, a Delaware limited liability company, | Complaint filed: May 20, 2009 |
| 18 Defendants. | |
| 19 SUTTER MITLAND 01 LLC, a Delaware limited liability company, | |
| 21 Cross-claimant, | |
| 22 v. | |
| 23 VERIZON CALIFORNIA INC., a California corporation, | |
| 24 Cross-Defendant. | |

25
26
27
28

**IT APPEARING THAT** Plaintiff, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("Travelers" or "Plaintiff") and Defendants AUDIE MURPHY RANCH LLC; BROOKFIELD LAND COMPANY LLC; and SUTTER MIDLAND 01 LLC ("Defendants") have entered into that agreement designated as Stipulation for Protective Order (the "Stipulation") in the above-captioned matter, and which Stipulation has been approved by this Court,

**IT IS HEREBY ORDERED** that:

1.      The Stipulation is accepted, approved and hereby becomes an order of this Court.

DATED: _____ 3/2/10

_____

Oswald Parada, U.S. Magistrate Judge

1